IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACKIE L. BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:25-cv-79 (MTT) |
| ) | |
| HORST SHEWMAKER, LLC, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On February 27, 2025, plaintiff Jackie L. Baker filed this action against Horst Shewmaker, LLC. Doc. 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). Doc. 2. For the reasons stated, Baker's motion to proceed IFP (Doc. 2) is **GRANTED**. However, Baker's complaint lacks important factual allegations that she may have omitted because of her pro se status. Thus, the Court **ORDERS** Baker to amend her complaint within twenty-one days of the entry of this order.

## I. DISCUSSION

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show she is "absolutely destitute." *Id.* (citation omitted). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether [s]he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (citation omitted). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Baker's IFP affidavit establishes that she cannot pay the court fees. Doc. 2. Thus, the Court finds that Baker is unable to pay the costs of this proceeding without undue hardship and therefore her motion for leave to proceed IFP (Doc. 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Baker is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Here, Baker alleges that the defendant, Horst Shewmaker, LLC, settled an insurance claim on Baker's behalf without her permission. Doc. 1 at 1. According to Baker, Horst Shewmaker was told to return the settlement funds and failed to do so. *Id.* Baker also alleges that her attorney, a Horst Shewmaker employee, failed to provide her with files related to her case and attempted to "bribe" her. *Id.* Baker has already sought relief with the Georgia Bar. *Id.* She now requests that this Court order Horst Shewmaker "to give up any funds/profit received from this case [and] also pay back with interest or penalties to everyone [a]ffected by the action." *Id.* However, Baker fails to state the legal basis for her claims against Horst Shewmaker. She also fails to state a basis for the Court's jurisdiction.[3] Thus, Baker's one-paragraph complaint does not provide the Court with sufficient information to conduct a thorough frivolity review under 28 U.S.C. § 1915(e)(2)(B).

Given Baker's pro se status, the Court will allow her to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

---

[3] Baker checked "U.S. Government Plaintiff" and "U.S. Government Defendant" as her basis for jurisdiction on her civil cover sheet. Doc. 1-1. However, the U.S. Government is not a party to this action. In her cover sheet, Baker also indicated that the defendant is a resident of Georgia for purposes of diversity jurisdiction. *Id.* But Baker is also a resident of Georgia and, thus, there cannot be complete diversity. *Id.* Accordingly, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332. Baker does not state any other basis for the Court's jurisdiction.

Accordingly, Baker is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings. Baker shall have until twenty-one days after the entry of this order to file her amended complaint.

In the "basis of jurisdiction" section of her amended complaint, Baker must articulate a basis for the Court's jurisdiction over this action. If Baker fails to state a basis for the Court's jurisdiction, this action will be dismissed.

In the "statement of claims" section of her amended complaint, Baker must link any claims she makes to a named defendant. If Baker fails to link a named defendant to a claim, the claim will be dismissed; if Baker makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Baker must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Baker list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Baker injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Baker's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Baker may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when

it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Baker's motion to proceed IFP (Doc. 2) is **GRANTED**, and Baker is ordered to amend her complaint no later than **twenty-one days after the entry of this order.**

**SO ORDERED**, this 26th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
